TALLMAN, Circuit Judge,
concurring:
I concur only in parts I, II A, II.B.2, and II.B.3 of today’s opinion.
Brown “claims to be a national of the United States,” and I agree that he has presented “a genuine issue of material fact about [his] nationality.” 8 U.S.C. § 1252(b)(5)(B). I also agree that the appropriate remedy is to “transfer the proceeding to the district court ... for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of title 28.” Id.
But my colleagues do not stop there. They go on to declare, without much analysis and on an incomplete record, that Brown has a constitutionally protected interest in being able to apply for citizenship. Maybe such an interest exists always and for everyone; maybe it does not exist at all; or maybe it exists only when certain factual predicates are met. It is the latter possibility that dissuades me from reaching such a weighty issue before a district court takes evidence and decides the matter in the first instance.
My colleagues justify their expansive ruling by claiming that this is not a novel issue. But it is. The Supreme Court has merely assumed, without deciding, that the Due Process Clause of the Fifth Amendment may be implicated when procedures limit an alien’s ability to apply for citizenship. INS v. Pangilinan, 486 U.S. 875, 885, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988) (“Assuming that these respondents can properly invoke the protections of the United States Constitution, and granting that they are members of a special class that Congress intended to favor with statutory entitlements to naturalization, they were not deprived of those entitlements without due process.”). In Wauchope v. U.S. Dep’t of State, 985 F.2d 1407 (9th Cir.1993), we held that a court may confer citizenship to remedy Equal Protection violations; we said nothing about whether an alien has a constitutionally protected interest in applying for citizenship. In fact, my colleagues cite to no case that has held that this constitutionally protected interest exists, so today’s decision is novel indeed.
We may need to decide, once the record is complete, whether there is a constitutionally protected right to apply for citizenship, and whether the government can violate that right by not following its own citizenship application procedures. Declaring now the existence of a heretofore unrecognized constitutionally protected right to citizenship is premature. I think it inadvisable to advise the district court, at this stage, how to decide questions of law or which facts to consider. Knowing that we judge best when we judge on a robust record, we should have given the district court the first crack at these important issues.